ST. MARY'S CHURCH, GLOUCESTER, PROSECUTOR, v. MAYOR AND COMMON COUNCIL OF GLOUCESTER ET AL., DEFENDANTS.

Submitted May 2, 1939—Decided August 1, 1939.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutor, *Louis B. LeDuc* and *Ralph W. Wescott.*

For the defendants, *Charles H. Smith* (*Carl Kisselman,* of counsel).

The opinion of the court was delivered by

PARKER, J.   The essential motive of this suit is to lay a foundation for a further proceeding at law, by action in the nature of *indebitatus assumpsit,* or a writ of restitution, for the recovery back of moneys paid in 1927 and 1930, on account of three local assessments on cemetery lands owned by St. Mary's Church, the present prosecutor.   It is conceded that the assessments were without warrant of law, because the lands were admittedly exempt from assessment; hence, it is unnecessary to consider that phase of the case in detail.   In February, 1938, in view of an application for *certiorari* to set aside the assessments, the municipal body adopted a resolution cancelling assessments "on which there [was] a balance due of $1,137.28 with interest;" but matters of fact and of law are in dispute between the parties.   The questions of fact are, (1) whether the resolution was intended to cover all three assessments, including one which had been paid in full; (2)

whether the parties, through their counsel or otherwise, agreed that the moneys paid on the assessments by the church should be refunded. Questions of law are: (a) whether any such agreement of counsel, if made, binds their clients; (b) whether the resolution of cancellation was valid; (c) whether, if valid, it was final, or revocable at will of the governing body; (d) whether the cancellation is sufficient basis for an action (see *Pamph. L.* 1933, *p.* 132, § 2 *contra,* see *Davenport* v. *Elizabeth,* 41 *N. J. L.* 362, and other cases); (e) whether the six year statute of limitations applies; (f) whether prosecutor is barred by laches.

The present writ of *certiorari* was allowed by Mr. Justice Donges after he had heard, and dismissed, an application of prosecutor for a writ of restitution on the ground that such writ required a judgment in a court of law to support it. *St. Mary's Church* v. *Gloucester,* 120 *N. J. L.* 420; that such judgment should be specifically directed to the validity *vel non* of the assessment; and that a new suit should be brought following an adjudication by this court that the assessments were void.

There may be other questions in the case besides those mentioned above, but we find it unnecessary to decide any of them, as they would all be involved in an action brought to recover back the moneys paid, if the assessments be set aside; the questions of law being cognizable by the trial court, and the questions of fact being resolved by a jury. The sole question to be answered at this time, is whether because of the lapse of years, it is too late to set aside an assessment confessedly in violation of statutory exemptions. As to this, we conclude to the contrary. This court is not asked to do more than judicially declare what the parties have in effect stipulated, viz., that the assessments never had any validity because of the exemption. In such a situation, lapse of time has been held immaterial. *Bogert* v. *Elizabeth,* 27 *N. J. Eq.* 568, cited and relied on in many later cases.

There were three assessments: the first was paid in full; the second and third in part; but all were fundamentally invalid on account of the exemption, and this is conceded.

The three assessments will be set aside, but solely on the above ground, and without prejudice to any defenses available in any suit for recovery back of the moneys paid, and arising out of the transactions between the parties or their agents, or otherwise than on the mere illegality of the assessments.